**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

| | |
|---|---|
| THE AMERICAN HOSPITAL ASSOCIATION, *et al.*,<br><br>*Plaintiffs*,<br><br>*v.*<br><br>ROBERT F. KENNEDY, JR., Secretary of the U.S. Department of Health and Human Services, *et al.*,<br><br>*Defendants*. | Case No. 26-cv-00515-LEW |

**MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF OF GREATER NEW YORK HOSPITAL ASSOCIATION IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER**

Proposed *Amicus Curiae* Greater New York Hospital Association, Inc. ("GNYHA") respectfully moves the Court for leave to submit the attached *amicus curiae* in support of Plaintiffs' Motion for Temporary Restraining Order, Dkt. No. 2. The proposed *amicus* brief is attached as an exhibit to this Motion. The Plaintiffs and Defendants consented to this Motion, while the Intervenor-Defendants took no position. In support of its Motion for Leave, *Amicus* states as follows.

## I. INTRODUCTION AND INTEREST OF *AMICUS CURIAE*

GNYHA is a trade association comprising nearly 280 member hospitals, health systems, and continuing care facilities in New York State, New Jersey, Connecticut, Rhode Island, and Pennsylvania. All of GNYHA's members are not-for-profit or public, and approximately 90 of them participate in the federal 340B Program.

In connection with the Health Resources and Services Administration's ("HRSA") request for information surrounding a potential 340B rebate model, GNYHA conducted a survey of its member hospitals and health systems, in part to document the operational and administrative burdens Covered Entities would face. GNYHA shares the interests of the Plaintiffs and other *amici* that HRSA failed to satisfy its burden under the Administrative Procedure Act ("APA") when it did not consider GNYHA's, its members, or the other numerous comments on essential issues impacting 340B Covered Entities if the Rebate Program were implemented.

## II. **GROUNDS FOR GRANTING LEAVE FOR GNYHA TO FILE ITS *AMICUS* BRIEF**

While the Federal Rules of Civil Procedure and the District of Maine Local Rules do not address *amicus curiae* briefs, "when presented with a request of file an *amicus* brief, this Court has assessed such a request in accordance with Federal Rule of Appellate Procedure 29." *Yered v. E. Maine Healthcare Sys.*, No. 1:23-CV-00284-SDN, 2026 WL 2690045, at *1 (D. Me. Sept. 14, 2026). This Court grants a party *amicus* status "when there is an issue of general public interest" or where "the *amicus* provides supplemental assistance to existing counsel." *Portland Pipe Line Corp. v. City of S. Portland*, 2017 WL 79948, at *5 (D. Me. Jan. 9, 2017). (citing *Animal Prot. Inst. v. Martin*, 06-cv-128-B-W, 2007 U.S. Dist. LEXIS 13378, at *7-8, 2007 WL 647567 (D. Me. Feb. 23, 2007)). This Court has the "inherent authority" to permit *amicus* participation. *Verizon New England v. Me. Pub. Utilities Comm'n*, 229 F.R.D. 335, 338 (D. Me. 2005).

GNYHA's participation as *amicus curiae* will assist the Court by providing a distinct perspective on the practical operation and consequences of the challenged Rebate Program. GNYHA and its members offer a unique perspective into the public interest and the actual harms that would be realized under the Rebate Program. Specifically, GNYHA offers perspective on Second Sight Solutions, LLC's ("Second Sight") Beacon Rebate Model ("Beacon") platform,

including Beacon's nonnegotiable Terms of Use and the associated operational and administrative burdens it imposes on Covered Entities, which HRSA did not meaningfully address when issuing its Notice of 340B Rebate Pilot Program on August 3, 2026. These are issues impacting health care access for underserved communities nationwide. Allowing the brief would not unfairly prejudice the parties or disrupt the expedited proceedings. GNYHA likewise seeks only to assist the Court's consideration of issues already before it by offering a focused, additive perspective grounded in the experiences of affected Covered Entities. Accordingly, because GNYHA's proposed submission will aid the Court without delaying the proceedings or prejudicing any party, the Court should grant GNYHA leave to file its proposed *amicus* brief.

For these reasons, GNYHA respectfully requests the Court grant this Motion for Leave and accept its *amicus* brief in support of Plaintiffs' Motion for Temporary Restraining Order, submitted as an exhibit to this Motion.

*Dated*: October 29, 2026

Respectfully submitted,

*/s/ Taylor D. Fawns*

Taylor D. Fawns
KOZAK & GAYER, P.A.
157 Capitol Street Suite 1
Augusta, ME 04330
(207) 621-4390
tfawns@kozakgayer.com
*Counsel of Record*

Todd A. Nova*
T. James Junger*
HALL RENDER KILLIAN HEATH &
LYMAN, P.C.
330 E. Kilbourn Avenue, Suite 1250
Milwaukee, WI 53202
(414) 721-0464

tnova@hallrender.com
jjunger@hallrender.com

Brandon C. Helms*
HALL RENDER KILLIAN HEATH &
LYMAN, P.C.
101 W. Big Beaver Rd., Suite 745
Columbia Center
Troy, MI 48084
(248) 457-7847
bhelms@hallrender.com

Elizabeth P. Sawyer*
HALL RENDER KILLIAN HEATH &
LYMAN, P.C.
999 17th Street, Suite 800
Denver, CO 80202
(303) 557-2120
lsawyer@hallrender.com
*Counsel of* Amicus Curiae

**pro hac vice application forthcoming*

**CERTIFICATE OF SERVICE**

I certify that on October 29, 2026, I caused the foregoing to be served via the Court's ECF filing system on all registered counsel of record.

*/s/ Taylor D. Fawns*

*Counsel for Amicus Curiae*