# EXHIBIT D

## Partial Administrative Record 33747-49

HRSA
Health Resources & Services Administration
**Office of Special Health Initiatives**
5600 Fishers Lane
Rockville, MD 20857

September 4, 2026

**BY EMAIL**
[redacted]
AbbVie Inc.
[redacted]

Dear [redacted]:

The Health Resources and Services Administration (HRSA), Office of Pharmacy Affairs (OPA), has completed its review of the three Rebate Model Effectuation Plans submitted by AbbVie Inc. ("AbbVie") on August 24, 2026, for VRAYLAR® (cariprazine), LINZESS® (linaclotide), and IMBRUVICA® (ibrutinib), pursuant to the Notice Regarding 340B Rebate Model Pilot Program, 91 Fed. Reg. 48883 (Aug. 3, 2026) ("the Notice").

Based on this review, HRSA has determined that none of the three plans can be approved as drafted. Because all three plans share substantially identical structure and language, the deficiencies and clarification items identified below apply to all three submissions. This letter identifies the deficiencies that must be corrected before approval can be granted, along with several additional items that require clarification or confirmation. AbbVie should submit revised plans addressing the items below.

**Data Use Beyond Pilot Purposes (Section VIII.D of the Notice)**
AbbVie's plans state that AbbVie will use claims data submitted to its rebate platform "for the purposes identified in the Pilot and purposes consistent with applicable law, including to identify and address inappropriate discount payments across other downstream reimbursement channels, or to support good faith inquiry or audits through existing regulatory processes."

The Notice requires that covered entity data received through the Pilot not be used, collected, aggregated, shared, or licensed for any purpose beyond the Pilot. The language above describes uses that extend beyond the Pilot's stated purpose. AbbVie must revise all three plans to remove this expanded-use language or otherwise demonstrate how it is consistent with the Notice's data-use limitation.

**Missing Wastage/Undispensed-Unit Reporting Instructions (Section VIII.D of the Notice)**
AbbVie's plans state only that AbbVie "does not expect CEs to provide data regarding wasted or undispensed units," without providing instructions or a mechanism for reporting such units if they do occur. The Notice requires that instructions for reporting wasted or undispensed units be included as part of the manufacturer's plan and communicated to covered entities, regardless of the manufacturer's expectations regarding frequency. AbbVie must add a wastage-reporting mechanism and corresponding instructions to all three plans.

**MFP-340B Deduplication (Section VIII.C of the Notice)**
AbbVie's plans state that AbbVie will address identified MFP-340B duplication primarily through rejection or adjustment of Maximum Fair Price (MFP) rebate payments, but may adopt an alternative approach, including rejection or adjustment of 340B rebate requests, without conditioning that authority on the MFP being lower than the 340B ceiling price for the drug at issue.

The Notice requires that a manufacturer's plan not permit denial of a 340B rebate based on eligibility, diversion, or Medicaid duplicate-discount concerns; such concerns must instead be routed through HRSA/OPA or statutory dispute resolution and audit mechanisms. The Notice further provides that, under its framework, a 340B rebate should be denied or adjusted on MFP-duplication grounds only where the MFP is lower than the 340B ceiling price for the selected drug. Where the 340B ceiling price is lower than the MFP, the manufacturer must still provide access to the 340B ceiling price, and no basis exists to deny or reduce the 340B rebate on duplication grounds in that circumstance.

AbbVie must revise the plans to confirm that any rejection or adjustment of a 340B rebate on MFP-340B duplication grounds will occur only where the MFP is lower than the 340B ceiling price for the drug at issue, specifying the criteria and documentation process for making that determination on a claim-by-claim basis.

**Additional Items Requiring Clarification**
The following items do not independently prevent approval but must be addressed in the revised submissions, either through additional plan language or written clarification, before HRSA finalizes its review:

- Rebate Eligibility Tied to AbbVie's Commercial Policies and 340B Integrity Initiative (Section VIII.C of the Notice)

Each plan conditions rebate eligibility on the dispensing pharmacy being "eligible for shipment under AbbVie's commercial policies, including its 340B Integrity Initiative," in addition to standard OPAIS registration. This ties rebate eligibility to a manufacturer-specific commercial policy that is not among the Notice's standardized eligibility criteria. AbbVie should describe what its 340B Integrity Initiative requires of a dispensing pharmacy and confirm that a pharmacy's failure to satisfy this policy will not result in rebate denial without the concern first being raised with HRSA/OPA or addressed through statutory dispute resolution or audit mechanisms.

- "AbbVie-Authorized" Wholesaler or Distributor Requirement (Sections VIII.A and VIII.C of the Notice)

Each plan conditions rebate eligibility on the covered entity having purchased the applicable drug "directly from an AbbVie-authorized wholesaler or distributor at WAC" through the covered entity's 340B wholesaler account. The Notice contemplates that covered entities order selected drugs through their existing 340B distribution mechanisms; it does not contemplate a

manufacturer-maintained list of "authorized" wholesalers or distributors as a precondition to rebate eligibility. AbbVie should confirm whether this requirement restricts covered entities from using their existing, otherwise valid 340B wholesale accounts, provide the criteria defining "authorized" status, and confirm that a covered entity will not be denied a rebate solely because its existing wholesaler is not on AbbVie's authorized list without the concern first being raised with HRSA/OPA.

- Mandatory Reversal of Erroneous Claims

Each plan requires covered entities to reverse any 340B claims submitted in error "immediately," with reversal credits offsetting future rebate payments. This requirement is not addressed in the Notice's baseline criteria. AbbVie should clarify the operational basis for this requirement and confirm that it does not impose data submission or administrative burden on covered entities beyond what the Notice contemplates.

- Ninety-Day Notice Timeline (Section VIII.A of the Notice)

Each plan commits to providing covered entities with at least 90 calendar days' notice before implementation. Given the compressed period between HRSA's target approval date and the proposed January 1, 2027, effective date, AbbVie should confirm the specific date by which notice will be issued to covered entities and confirm that this date satisfies the 90-day requirement.

- Data Field Naming Consistency

The medical claims data dictionary in each plan's appendix refers to a field as "Physician ID," whereas the Notice and HRSA's review criteria refer to the corresponding field as "Rendering Physician ID." AbbVie should confirm that these refer to the same data element.

Please submit revised plans addressing the deficiencies and clarifications, to 340BPricing@hrsa.gov no later than **September 11, 2026**. Upon receipt, OPA will resume review of the plans consistent with the timeframes described in the Notice.

Please direct any questions regarding this letter to 340BPricing@hrsa.gov .

Sincerely,

Chantelle V. Britton, M.P.A., M.S.
Director, Office of Pharmacy Affairs